NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1887.

MATTER OF HUIELL.

*In the matter of the estate of* AUGUSTA C. HUIELL, *deceased.*

The provisions of 2 R. S., 65, § 49, as amended in 1869, respecting the rights of an "after-born" child of a "*testator*," must be deemed to apply where the will is that of the *mother* of the one invoking the protection of the statute.

Where an alleged will of a decedent is contested by a child born after its execution, the Surrogate's court has jurisdiction to determine whether the latter is "unprovided for by any settlement," within the meaning

of 2 R. S., 65, § 49.  Only in case such issue is determined in the negative, has contestant any *status*, as an opponent of probate.

J. V. HUIELL, *executor, in person.*

J. D. WARNER, *special guardian.*

THE SURROGATE.—Section 49 of title 1, chapter 6, part 2, of the Revised Statutes. (3 Banks, 7th ed., 2287) provides that "whenever a testator shall have a child born after the making of a last will, either in the lifetime of or after the death of such testator, and shall die leaving such child, so after born, unprovided for by any settlement, and neither provided for nor in any way mentioned in such will, every such child shall succeed to the same portion of such *parent's* real and personal estate as would have descended or been distributed to such child if such *parent* had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will."

There is no doubt that this provision, as amended by chapter 22 of the Laws of 1869, is applicable to estates of testatrices, no less than to estates of testators.

This decedent left, her surviving, two children, one of whom, Florence by name, was born after the making of the paper propounded for probate as the mother's will. That paper makes no provision in Florence's behalf nor any mention of her name. This circumstance though coupled with the fact, if it be a fact, that Florence was left by her mother "unprovided for by any settlement," affords no valid grounds

of objection to the probate of the paper here propounded (Matter of Gall, 5 *Dem.*, 374; Matter of Bunce, *ante*, 278).

No proofs have been submitted upon the question whether or not the decedent made any settlement upon the child whose rights are now the subject of consideration. There can be no doubt, I think, that the Surrogate has jurisdiction to determine that question, in view of the fact that, upon its determination, depends the further question whether Florence has any *status* to contest this alleged will. If it shall be ascertained that, within the meaning of § 49, *supra*, a "settlement" was in fact made for her or for her benefit, then she *is not* by virtue of that section, entitled to the share in the mother's estate which would have been hers in case of her mother's intestacy, and *is* entitled, therefore, to oppose probate of this alleged will upon any grounds affecting its legality and validity.